## ISSUE RAISED IN A WILL CONTEST AS TO PLAINTIFF'S INTEREST.

Common Pleas Court of Franklin County.

HELEN E. ARNOLD ET AL V. HERBERT J. PEASE ET AL.

Decided, March 3, 1914.

*Wills—Contest of—Denial of Plaintiff's Alleged Interest Makes a Primary Issue Triable to the Court—Amendment Asserting a Different Interest Not Permissible After Expiration of the Statutory Limitation—Laches Affecting Right to Amend.*

1. An amendment which is a departure from the original petition will not be allowed after the bar of the statutory limitation has intervened.
2. A motion for leave to file a certain amended pleading will be overruled when the pleading tendered is clearly faulty in form or demurrable.
3. A motion for leave to amend for the purpose of alleging a different interest to support the plaintiffs' right to contest a will, filed after a trial and finding against the plaintiff's original claim of interest, will be overruled as too late; and with added reason when it appears that the plaintiffs are chargeable with laches, and that, at an earlier stage of the case, they were expressly advised by the court of the need of amendment if such different interest was to be asserted by them.

*Badger & Ulry, F. B. McKennan, Chas. A. Lyche* and *Herman C. Rogers,* for plaintiffs.

*R. H. Platt, J. T. Holmes, J. J. Adams* and *F. M. Raymund,* contra.

EVANS, J.

This case is submitted on motion of the plaintiffs for leave to file an amended petition.

The action seeks to contest the last will and testament of Catherine M. Tuttle, deceased.

On December 5, 1912, the plaintiffs filed a petition in this court against the defendants, seeking to contest the will of said Catherine M. Tuttle, deceased.

Said last will and testament was admitted to probate in the probate court of this county on December 7, 1910.

The petition was filed, and the said action commenced two days before an action to contest said will would have been barred by operation of the statute of limitations.

Said petition, after averring the death of said Catherine M. Tuttle, alleged that said Catherine M. Tuttle died leaving the plaintiffs and certain of these defendants, naming them, as her next of kin and only heirs at law. That said Catherine M. Tuttle was never married and deceased leaving no child or children, father or mother, brothers or sisters, leaving no heirs nearer related to her than these plaintiffs and defendants herein enumerated, and the unknown heirs of any deceased heirs of Catherine M. Tuttle; and leaving an estate consisting of real and personal property of the value of more than one million dollars.

That plaintiffs are related to said Catherine M. Tuttle, deceased, in the following manner; then naming certain of the plaintiffs as second cousins, and others as third cousins, and others as more distantly related.

On January 4, 1913, A. D. Heffner, defendant, filed an answer, averring that plaintiffs have not legal capacity to sue, or bring this action, for the reason that they are not, nor is any one of them of the heirs or of the next of kin of said decedent Catherine M. Tuttle, or interested in said will. Said answer then alleges that the only heirs and next of kin of said decedent, Catherine M. Tuttle, are Martin Tuttle, Elias Tuttle and Alma Tuttle Spurr, being the children of a full brother of said decedent's father, and Minta E. Tuttle and Herbert M. Tuttle, being the children of Addison Tuttle, who pre-deceased said decedent, Catherine M. Tuttle, and was a brother of the first three above named.

That plaintiffs claim descent from one William F. Medbery, and are not, nor is any one of them, otherwise related to said decedent Catherine M. Tuttle, than through their descent from the said William F. Medbery who was only a half brother of

said decedent's mother. That Joseph Medbery, the father of said William F. Medbery was also the father of decedent's mother, but the mother of said William F. Medbery was Mary Potter Medbery, first wife of said Joseph Medbery, and the mother of decedent's mother was Hannah Brown Medbery, the second wife of the said Joseph Medbery.

Said answer then alleges a defect of indispensable parties defendant, to-wit (here names a number of persons as heirs and next of kin to said Catherine M. Tuttle; also names a number of legatees under said will of Catherine M. Tuttle, none of whom are named or joined as parties in said petition). Said answer avers that the plaintiffs are not entitled to be answered upon their allegation that the paper writing purporting to be the last will and testament of said Catherine M. Tuttle, deceased, is not her last will and testament, and prays judgment of the court thereon, to determine whether the plaintiffs are entitled to be answered upon their said allegation touching said last will and testament, and whether defendant shall be held to further answer herein.

This answer was filed on January 4, 1913; no reply was ever filed by plaintiffs, or any party in interest.

On May 15, 1913, a motion filed by defendants was submitted to one of the branches of this court to dismiss this action, upon the uncontroverted statements of said answer of Heffner filed January 4, 1913, for the reasons, that plaintiffs have no right of action; have not legal capacity to sue; and for defect of parties defendant.

The court, on consideration, overruled the motion to dismiss, on the ground that the source from which decedent derived title to the real estate is not described by either the petition or the answer. That if the answer had also alleged that none of the real estate belonging to decedent had come to her by descent, devise or deed of gift from the maternal side of the house, it would seem an admission of those facts would be fatal to the plaintiffs. But if part of the real estate came to decedent from a maternal ancestor, it would seem that plaintiffs would have an interest to contest the will.

The question of the right to amend the petition so as to plead that part of the real estate came by descent, devise or deed of gift from a maternal ancestor was not then made nor decided; and no leave was asked by plaintiffs then to file an amended petition, and none such has been filed.

On November 6, 1913, said case was assigned to the chancery branch of this court for hearing on the issues made in the answer of defendant, that the plaintiffs have not legal capacity to sue or bring this action, for the reason that they are not, nor is any one of them, of the heirs or of the next of kin of said decedent, Catherine M. Tuttle, and the case was then heard on the petition, the answer, and the evidence.

On consideration the court found and decreed that said preliminary issue was properly submitted to be tried prior to the main issue, and the court held, that from the undisputed evidence the plaintiffs are not the next of kin of said decedent, Catherine M. Tuttle, as in their petition alleged, and are not entitled, on the allegations of their petition, to bring this action, or to be answered upon their allegation that the paper writing purporting to be the last will and testament of the said Catherine M. Tuttle, deceased, is not the last will of said Catherine M. Tuttle, deceased.

The plaintiffs excepted to the said ruling and judgment of the court at the time, and gave notice of their intention to appeal to the court of appeals of this county, and the court fixed the amount of the appeal bond at $250.

The plaintiffs then asked leave to file an amended petition. The court did not pass on the question of the right to file an amended petition, but the court suspended judgment on the foregoing finding, and allowed plaintiffs ten days in which to file an application or motion for leave to amend or file an amended petition, to which defendants excepted, and defendants excepted to the suspension of final judgment dismissing the petition.

Thereupon plaintiffs file this motion, asking leave to file an amended petition, and attach the proposed amended petition.

And this is the motion here for determination at this time.

The defendants strenuously object to the filing of said amended petition, and claim that the amended petition pleads new matter that constitutes a departure from the cause of action pleaded in the original petition; that the statute of limitation would now bar plaintiffs from maintaining the cause of action pleaded in the amended petition; that the primary issue—that plaintiffs are not interested parties—has been adjudicated, and the court has held that plaintiffs are not, nor is any one of them, of the heirs or of the next of kin of said decedent; that the motion for leave to file an amended petition comes too late; that plaintiffs are guilty of laches; that there is a defect of necessary parties; that the amended petition proposed is demurrable and faulty in form.

I have given the questions involved careful consideration. A determination of the question of departure in a pleading, whether a different cause of action is pleaded, is often a difficult one, and especially where the bar of the statute of limitations intervenes.

It is to be borne in mind that when defendant filed his answer denying that plaintiffs were heirs at law and next of kin to said decedent, and pleading who the next of kin to decedent were, and facts to show that such persons were more closely related to decedent by consanguinity than plaintiffs, this raised a material issue in the case, which was the primary issue, and if true would defeat plaintiffs from contesting said will, for the reason that plaintiffs were not persons interested.

This primary issue was an issue to the court, and came on for hearing before the chancery court on the petition, the answer, and the testimony. In fact the allegations in the answer that plaintiffs were not next of kin, and the allegations therein naming the persons other than plaintiffs, who were the heirs at law and next of kin to said decedent, were not controverted by a reply by plaintiffs.

The court, on the pleadings and the testimony adduced, found that issue against the plaintiffs, and found that plaintiffs were not heirs at law and next of kin to said Catherine M. Tuttle, deceased.

Now, plaintiffs seek to file an amended petition after the bar of the statute of limitations has intervened, and to claim and plead that part of the real estate of which said decedent died seized, amounting to about $15,000 came to said decedent by devise from a maternal ancestor of decedent and these plaintiffs, and should descend and pass in parcenary to these plaintiffs as ancestral property, and that plaintiffs have a direct financial interest in said estate of said Catherine M. Tuttle, deceased, to the extent of about $15,000.

Is the proposed amendment a departure from the original petition? This is the vital question here presented, and one that I have given extensive consideration and investigation.

The difficulty in reaching an intelligent and satisfactory conclusion arises from the fact that the statute of limitations has interposed between the date of filing the original petition and the motion for leave to file the amended petition.

It is difficult to escape the conviction that persons who by filing an action in court to contest a will, at the time of preparing and filing their petition know the relation they sustained to the deceased testator, and know, if they are interested persons, who under the statute would have a right to contest the will, what that relationship and interest in fact is.

The plaintiffs in this case never, at any time, questioned or denied the facts set up in the answer of defendant, Heffner, that Martin Tuttle, Elias Tuttle, Alma T. Spurr, Minta E. Tuttle and Herbert M. Tuttle, were the next of kin and only heirs at law of Catherine M. Tuttle, deceased. The testimony before the court on the hearing conclusively proved the facts alleged in said answer, and the court adjudged and decreed that plaintiffs were not next of kin to decedent.

The result of this judgment defeated the right of plaintiffs to contest said will under their petition. If plaintiffs did not know when they filed their petition that they were not, in fact, next of kin to said decedent, they should have known this, for the statute had given them two years from the date of probating said will to ascertain all the facts necessary to plead within that

time; facts to show the interest, if any, they had, that would entitle them to contest said will.

By the proposed amended petition plaintiffs now seek to plead facts to make a new material issue in this case, which is an abandonment of a plea of interest on the ground that they are heirs at law and next of kin to said decedent, and seek to plead that they are representatives of a common ancestor of plaintiffs and said decedent, and that part of the real estate of which testator died seized is ancestral property, and thereby plaintiffs have a direct financial interest in said estate.

By the original petition, as heirs at law and next of kin, as alleged, to decedent, they sought to share in an estate, as therein pleaded, of more than one million dollars.

By the new issue in the proposed amended petition they now depart from their claim, aforesaid, and seek to share in ancestral property of the value of about $15,000. The original petition asserts an interest as "next of kin" which rests on Section 8574, General Code; the proposed amendment, on the contrary, attempts to show an interest founded on Section 8573, which would be in diminution of rights under Section 8574 and of the share of the "next of kin."

Plaintiffs, about one year after an action to contest said will became barred by the statute, seek to file an amended petition setting up a state of facts so differing from the facts pleading interest in the original petition, that, in my opinion, it constitutes a departure from the action set forth in the petition. And this motion to so amend is first made some six or seven months after one branch of this court had suggested that if any of decedent's real estate was ancestral property, plaintiffs might have an opportunity to seek to amend; and, also, after the issue as to plaintiff's claim in the original petition had been subsequently heard on the pleadings and the testimony, and had been decided adversely to plaintiffs.

I am of the opinion that this case falls within the rule generally held by the courts applicable to a departure; the bar of the statute having intervened, it is too late to amend as proposed by the plaintiffs.

In *Marriott* v. *The C., S. & H. R. R. Co.*, reported in 2 N.P. (N. S.), 231, the court held that where a party has been brought into the case in one capacity, and is, after the statute has run, brought in in another capacity, the bar of the statute having become effective, the plea of the statute is good.

In *Cobb et al* v. *Fogg et al*, 166 Mass., 466, defendants sought to amend their answers in order to plead that the bill was multifarious. The court refused leave. The Supreme Court on review held that the objection of multifariousness was not set up in the answer, and that it came too late to amend the answer when the statute of limitations would have been a bar to a new suit on the note.

In *Irwin et al* v. *Bank of Bellefontaine*, 6 O. S., 89, the court in the opinion, commenting on the code, say:

"Cases undoubtedly will occur where it will not be in furtherance of justice, but a manifest and clear encouragement of a litigious spirit to permit an amendment; and probably in such cases, the court will not interpose, where, too, the defect in the proceeding is so gross, or is committed under such circumstances as to indicate that the defect itself was designed, and not simply a mistake, the court would probably refuse permission to amend; for in such case no mistake has in fact been made.

"The general rule is that the language of the statute must prevail, and no reasons based on the apparent inconvenience or hardship can justify a departure from it." *Maxwell on Code Pleading*, 474, and authorities there cited.

In *Commissioners* v. *Andrews*, 18 O. S., 49, the original action was based upon the bond alone. By the amended petition a recovery on the bond is sought, without any indication of a purpose to add another cause of action.

The amended petition differed from the original chiefly in stating fully all the circumstances that gave rise to the bond, or that which constituted the consideration therefor.

It was claimed by plaintiffs that, although the bond may be void, a case is made in the amended petition, to recover at least the amount of the county orders, $15,000, and interest. The court say:

"If this can be done, it must be either upon the ground of the fraudulent procurement of the orders, or of an implied promise of the defendants to repay their amount to the commissioners.

"It is apparent from the condition of the bond, as well as from other facts stated in the petition, that the fraud complained of was known by the commissioners at that time. This action was commenced more than four years after the discovery of the alleged fraud.

"If, however, it be conceded that an action could have been maintained on an implied liability upon the facts alleged in the amended petition; if it arose when the orders were procured, or when they were applied in payment of the judgment against defendant—the only time when he received any benefit from the transaction—a period of more than six years had elapsed before the commencement of this suit, and the action would be barred by the statute of limitations.

"If the amended petition be construed as having, in addition to an amended cause of action on the bond, another cause of action interpleaded with, and masked under that, it can hardly be claimed that the court erred in sustaining the defendant's motion by striking out all the matter that was redundant to the action on the bond.

"When the amended petition was filed, more than six years had elapsed after the orders were fully paid. The ruling of the court in sustaining the motion at once expurgated the petition of matter not material to the action on the bond, and was also equivalent to a refusal to so far extend the leave to amend, as to permit the plaintiffs to engraft on to the original cause of action a new and distinct cause of action that was barred by the statute of limitations."

The Supreme Court in *Townsend* v. *Eichelberger,* 51 O. S., 216, say:

"It is well settled that absence of the plaintiff from where the facts arose, or his residence in remote and secluded parts, making it difficult or impossible to obtain information, in no case affects the running of the statute against him. * * * It is no longer the habit of courts to view with disfavor the plea of the statute of limitations, being a statute of repose, designed to secure the peace of society and protect the individual from being prosecuted upon stale claims, they are to be construed in the spirit of their enactment."

In *Broderick's Will*, 21 Wall., 503, the court says:

"Those who claim an interest in persons or things must be charged with the knowledge of their status and condition and of vicissitudes to which they are subject."

The said proposed amended petition is also subject to both a motion and to demurrer.

In the first place the court has decided that plaintiffs are not next of kin, and they are not in the class of the only heirs at law of Catherine M. Tuttle, deceased, and yet this is alleged in the amended petition; a motion would lie to strike it out. Nor does the proposed amended petition plead proper facts to show they are interested persons in said will. Plaintiffs plead conclusions instead of proper facts in that regard.

"The pleading must show that they have an interest. Merely pleading that they are heirs, is a mere conclusion and is not sufficient." 3 *Bates Pl. & Pr.*, 2963.

No facts are alleged to show their interest as heirs in ancestral property of which said decedent died seized.

No ancestor is even named, from whom they claim any such real estate came, and through whom they claim their interest.

A proper pleading would be required to show how they became such heirs. See long list of cases cited in 1 *Bates Pl. & Prac.*, 173. The facts necessary to be pleaded by reason of paragraph 5 of Section 8573, General Code, are not alleged in said proposed amended petition.

Hence this is not a proper pleading, and it is demurrable.

I am also of the opinion that the objection to the filing of the proposed amended petition on the ground of laches is well taken. Some seven months before this motion to amend was made by plaintiffs, a branch of this court, on a motion to dismiss, suggested to plaintiffs that if there was ancestral property, they should ask to amend, and then have the question of their right so to do determined. But plaintiffs did not do so.

"The right to amend a pleading must be claimed in opportune time. Unnecessary delay in applying for leave to amend may be

a ground for the courts refusing, in the exercise of its discretion, to allow an amendment.   *   *   *   Laches will not be excused where the facts on which the proposed amendment is based must have been known to the pleader at the time he filed his original pleading.   And a party may properly be denied permission to amend, where the necessity of the amendment was pointed out by the appellate court after a former trial but no attempt was made to amend until the cause again came on for trial.   Courts as a rule will not allow an amendment setting up a new ground of recovery after  the statute of limitations has run.''   31 Cyc., 394-5-6.

I am of the opinion for the reasons above stated, that said motion of plaintiffs for leave to file an amended petition is not well taken and the same is overruled.

The application of defendants for judgment on the findings of December 4, 1913, dismissing the petition at costs of plaintiffs, is sustained.